UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Plaintiff,<br><br>v.<br><br>GARY R. HARVEY; BERNICE C. HARVEY; LHS TRUST; and ORGANIC ASSEMBLY OF CIRCLE JB,<br><br>      Defendants. | Case No. 3:16-cv-00046-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

   Pending before the Court are: (1) Plaintiff's Motion for Summary Judgment (Dkt. 45) and (2) the Harvey Defendants' Motion to Stay Proceedings pending an appeal of the Court's January 17, 2017 Order to the Ninth Circuit (Dkt. 50). For the reasons set forth below, the Court adopts the Report and Recommendation of the United States Magistrate Judge (Dkt. 57), grants Plaintiff's Motion for Summary Judgment (Dkt. 45), and denies the Harvey Defendants' Motion to Stay Proceedings (Dkt. 50).

## INTRODUCTION

   On June 6, 2017, United States Magistrate Candy W. Dale issued a Report and Recommendation, recommending that Plaintiff's Motion for Summary Judgment (Dkt. 45) be granted. (Dkt. 57.) The Harvey Defendants filed objections to the Report and Recommendation arguing it erred in its conclusions and findings. (Dkt. 60.) Plaintiff filed a response (Dkt. 62) and the Harvey Defendants filed a reply (Dkt. 63). The matter is ripe for this Court's consideration. Fed. R. Civ. P. 72; Local Civ. R. 72.1(b).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, the Harvey Defendants filed objections and the Court has conducted a *de novo* review of those portions of the Report and Recommendation as well as the record in this matter. The Court has also reviewed the entire Report and Recommendation and record for clear error. The Court finds as follows.

## BACKGROUND

The factual and procedural background of this case are correctly stated in the Report and Recommendation and this Court adopts the same. (Dkt. 57.) In general, the United States brings this action to: (1) reduce to judgment outstanding federal tax assessments against Defendants Gary R. Harvey and Bernice C. Harvey (collectively, the

"Harvey Defendants" or "Harveys"); (2) ask the Court to find that a parcel of real property located in Nez Perce County ("Subject Property") is held by a nominee/alter ego/constructive trust of the Harveys; (3) foreclose federal tax liens on the Subject Property; (4) sell the Subject Property; and (5) distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties. (Dkt. 1.) The claims are based on 26 U.S.C. §§ 7401, 7402, and 7403.

The named Defendants are the Harveys as well as the LHS Trust and Organic Assembly of Circle JB. The federal tax assessments are against the Harveys. (Dkt. 1.) LHS Trust and Organic Assembly of Circle JB were named as Defendants because the United States believed that they might claim an interest in the Subject Property. (Dkts. 1, 44.) Neither the LHS Trust nor the Organic Assembly of Circle JB has appeared in this matter, though they both were served. (Dkts. 7, 10.)

On January 13, 2017, the United States filed a Motion for Summary Judgment on all of its claims against Gary and Bernice Harvey. (Dkt. 45.) On that same date, the United States also filed a Motion for Default Judgment against Defendants LHS Trust and Organic Assembly of Circle JB. (Dkt. 44.)

On January 17, 2017, the Court issued an Order and Default Judgment as to the claims against LHS Trust and Organic Assembly of Circle JB. (Dkt. 47.) This Order extinguished any claims these Defendants might have held in the Subject Property.

On February 16, 2017, the Harveys filed a Motion to Stay Proceedings pending an appeal of the Court's January 17, 2017 Order to the Ninth Circuit. (Dkt. 50.) For the

reasons set forth below, the Court will treat this Motion as a request to certify an interlocutory appeal and addresses that Motion herein.

## DISCUSSION

**1.    The Harvey Defendants' Motion to Stay (Dkt. 50) Is Denied.**

After this Court entered a Default Judgment against Defendants LHS Trust and Organic Assembly of Circle JB, the Harvey Defendants filed a document titled "Reply to This Court's Order Dated 01/17/17, Document #46, Motion to Stay Proceedings in This Court." (Dkt. 50). The Motion to Stay reflects that the Harvey Defendants intend to pursue "remedies in the Ninth Circuit." *Id.*

The Court interprets this motion to constitute a request for interlocutory appeal, which it denies as explained more fully below. After this case has proceeded to a final judgment, then the Harvey Defendants may seek relief from the Ninth Circuit without permission from this Court. However, the Harvey Defendants must receive permission to appeal an order issued before all claims have been resolved and a final judgment has been entered. Such permission is not typically granted absent exceptional circumstances.

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. *In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d 1020, 1026 (9th Cir.1982); 28 U.S.C. § 1291. There is an exception to this general rule set forth in 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(Emphasis in original.)

A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978); *see also James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n. 6 (9th Cir.2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); *Pac. Union Conference of Seventh–Day Adventists v. Marshall,* 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citations omitted)). Indeed, Section 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)).

In this case, an interlocutory appeal is not appropriate. The LHS Trust and Organic Assembly of Circle JB Defendants were named in this lawsuit given their potential interests in the Subject Property. Neither Defendant appeared in this action and Mr.

Harvey, who is appearing *pro se*, may represent himself but may not represent either of these entities in this litigation.

Moreover, the Order and Default Judgment Harvey Defendants seeks to appeal does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" as required pursuant to 28 U.S.C. § 1292. Rather, the Order and Default Judgment was entered based on a Clerk's Entry of Default against each of the Defendants, LHS Trust and Organic Assembly of Circle JB. (Dkts. 32, 33.) These Defaults were entered pursuant to Federal Rule of Civil Procedure 55(a) and are based on the facts that these Defendants were served and failed to appear.

Assuming the Harvey Defendants want to appeal the January 17, 2017 Order, they may do so after the Court enters a final judgment in this case. However, the Court will neither stay these proceedings nor grant the Harvey Defendants permission to file an interlocutory appeal with the Ninth Circuit before a final order has been issued.

**2.    The Court Adopts the Report and Recommendation (Dkt. 57) and Grants Plaintiff's Motion for Summary Judgment (Dkt. 45).**

The Court has conducted a *de novo* review of the record in light of the Harvey Defendants' Objections and finds the Report and Recommendation is well-reasoned, based on a correct interpretation of the law, and reflects the facts in the record.

### A.    *Summary Judgment Standard*

Summary judgment is appropriate if the moving party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). To show the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the materials cited do not establish the presence of a genuine dispute, or that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B); *see T. W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322).

"Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Secs. Litig.*, 627 F.3d at 387. Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." R. 56(c)(4).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences which can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T. W. Elec. Serv.*, 809 F.2d at 630–31 (internal citation omitted).

**B.    The Harveys' Objections to the Report and Recommendation (Dkt. 60).**

The Harvey Defendants filed an Objection to the Report and Recommendation. (Dkt. 60.) The Objection raise three issues: (1) competency concerns; (2) factual disputes; and (3) legal disputes.

*(1)    Competency Concerns*

On July 3, 2017, at the time he filed the Objection to the Report and Recommendation, Defendant Gary Harvey stated that he had surgery on February 17, 2017 and continues to take medication that impact his decision making ability. He argues that, as a result of the medication, he inadvertently failed to object to the deficiency amounts identified in the Certificates of Assessment when responding to Plaintiff's Summary Judgment Motion. (Dkt. 60, p. 5.) Mr. Harvey believes these amounts are overstated because they do not include valid deductions. *Id.* For relief, Mr. Harvey asks that the Court "consider these effects and allow amendment of the amended answer." *Id.* at p. 6.

The Court is not persuaded by this argument. Mr. Harvey's position has been consistent throughout these proceedings and is consistent with his position in the criminal proceedings and when he filed the tax returns at issue. Mr. Harvey challenges the authority of the IRS and the federal courts. Rather than engage in the process, provide requested

information, or otherwise argue the facts, he has elected to argue about the law. Only now that this tactic is proving to be unavailing does Mr. Harvey argue that he was not competent to argue regarding the facts.

Moreover, Mr. Harvey does not argue that he has the material necessary to create a dispute of fact on this issue. He simply wants the Court to allow him to deny the amounts of the IRS assessments. The Court understands that Mr. Harvey denies the IRS assessment amounts. The record is clear on that issue. Nonetheless, a plain denial of the IRS assessment amounts, without more, is not sufficient to create a genuine dispute of fact on this issue. Mr. Harvey must provide documents supporting the claimed business expenses or any other deduction he alleges were improperly denied. He has been provided with ample opportunity to do so over many years and, for whatever reason, has failed to provide the requested documentation. Accordingly, the Court will assume Mr. Harvey denies the IRS assessments for the purposes of this motion but will not defer resolution of these proceedings.

*(2)     Factual Disputes*

In his Objection to the Report and Recommendation, Mr. Harvey identifies eight issues he characterizes as factual disputes. (Dkt. 60.) The Court has considered Mr. Harvey's arguments but finds no genuine dispute of material fact that would preclude summary judgment in this case. In addition, the Court has independently reviewed the record in this case in light of Mr. Harvey's concerns and does not find any errors in the Report and Recommendation.

First, Mr. Harvey objects to a footnote in the Report that states "Mr. Harvey was later convicted of ten more counts of making false claims for taxes . . ." (Dkt. 60, p. 1.) Mr. Harvey argues he was "coerced" into the conviction, which was based on a guilty plea after three days of trial. *See United States v. Harvey*, Case No. 3:11-cr-00194-BLW (D. Idaho) (Dkts. 116-119.)

The facts in the footnote are not material; they were neither relied upon in the Report and Recommendation nor are they relevant to the outcome of the summary judgment motion. Nevertheless, the facts in the footnote are correct. The conviction stands, is a matter of public record, and was upheld by the Ninth Circuit Court of Appeals. (Dkt. 207.) Mr. Harvey filed a petition for writ of certiorari with the United States Supreme Court and that petition was denied. (Dkt. 213.)

Second, Mr. Harvey argues that neither the IRS nor the Report and Recommendation addressed his claimed business expenses. (Dkt. 60, pp. 2-3.) As a result, he claims the stated deficiency is "grossly overstated" and "does not fairly reflect the facts."

Mr. Harvey has failed to create a genuine dispute of fact on this issue. He has not demonstrated to the Court how his claimed business deductions were accurate and supported by the evidence and how they would decrease the stated deficiencies. Thus, the Court finds the amount of the tax deficiencies is accurately reflected in the Report and Recommendation.

Third, Mr. Harvey argues that his wife's claimed deduction for mortgage interest is "a valid deduction." (Dkt. 60, p. 3). Like Mr. Harvey's alleged business deductions, the

record is insufficient to create a genuine dispute of fact on this issue. Neither of the Harveys has demonstrated to the Court how the claimed deduction was accurate and supported by the evidence or how it would decrease the stated deficiencies. Thus, the Court finds the amount of the tax deficiencies is accurately reflected in the Report and Recommendation.

Fourth, Mr. Harvey argues that the Court incorrectly determined the dates Mr. Harvey had offers to compromise pending. (Dkt. 60). However, the Harveys do not produce any evidence regarding the Offers of Compromise. In contrast, the IRS submitted records, discussed more fully *infra,* showing when the offers to compromise were made and denied. (Dkts. 57, pp. 13-14; Dkt. 56-1, ¶ 3; Dkt. 56-2.) The Harveys have not submitted any evidence contradicting that evidence sufficient to create a genuine dispute of fact for trial on that issue.

Fifth, Mr. Harvey takes issue with the Report and Recommendation's reference to Defendant LHS and Roy and Rosalie Stoller, individuals who sold the property to Mr. Harvey and are creditors of Mr. Harvey. (Dkt. 60, p. 3.) Mr. Harvey claims these parties are not valid Defendants; they are creditors in this case.

This dispute is not relevant to the outcome of the Motion and, therefore, does not create a genuine dispute of material fact. The Stollers are mentioned in the Report and Recommendation, because they are fact witnesses to this dispute. Mr. Stoller provided sworn testimony at his deposition that the Plaintiff relied on, in part, to demonstrate that the Organic Assembly of Circle JB is merely a nominee of the Harveys. Further, the Defendant LHS Trust is a named party in this case based on the Plaintiff's concern that it

might have an alleged claim to the Subject Property. However, that claim is now extinguished.

Sixth, Mr. Harvey argues that he did not put a well on the property and the home he has is a 1980 single-wide mobile home in need of repairs. (Dkt. 60, p. 3.) This dispute is not relevant to the outcome of the Motion and, therefore, does not create a genuine dispute of material fact. Plaintiff relied on the fact the Harveys lived on the property, in part, to demonstrate that the Organic Assembly of Circle JB is merely a nominee of the Harveys. The existence of a well is not determinative of these findings. Similarly, the Harveys do not dispute that the single-wide mobile home is their home. In fact, that is what is so distressing about their predicament: they have put their home at risk by electing to fight the authority of the IRS to impose and collect their personal income taxes. Regardless, the Harveys have not set forth any evidence to create a genuine dispute of material fact on this issue that would preclude summary judgment.

Seventh, Mr. Harvey argues that the federal tax liens were released against the Harveys but not Circle JB. (Dkt. 60, p. 3.) This dispute is not relevant to the outcome of the Motion and, therefore, does not create a genuine dispute of material fact that would preclude summary judgment. The federal tax liens arise from a federal tax debt owed by the Harveys to the IRS The United States has demonstrated that the tax assessments are true and accurate and should be reduced to judgment. The United States has also demonstrated that the Organic Assembly of Circle JB is merely a nominee of the Harveys. Thus, the Subject Property, though in the name of the Organic Assembly of Circle JB, is subject to foreclosure proceedings to satisfy the Harveys tax debt.

Eighth, Mr. Harvey argues that the Report and Recommendation references foreclosure and foreclosure is not the only remedy available to the IRS. This is not a dispute of fact; it is a legal argument. However, the Harveys concede, and the law demonstrates, that foreclosure is one of the methods the IRS can use to collect on debts owed and the Harvey Defendants have not provided any law or facts that would suggest that foreclosure is inappropriate here.

In sum, the Harveys have failed to meet their burden to demonstrate that there is a genuine dispute of material fact that must be reserved for trial. Moreover, the Court finds the facts cited in the Report and Recommendation are well-supported by the record.

*(3)    Legal Analysis*

The Report and Recommendation addresses four legal issues: (1) the merits of Mr. Harvey's affirmative defenses (statute of limitations; release of tax liens; and res judicata, collateral estoppel, and double jeopardy); (2) whether the tax assessments at issue should be reduced to judgment; (3) whether the Harveys were the true owners of the Subject Property; and (4) whether the United States should be allowed to foreclose on its federal tax liens on the subject property. (Dkt. 57.) The Court finds the Report and Recommendation's conclusions are correct in all respects.

*(a) Statute of Limitations*

It is undisputed that the Internal Revenue Code provides that the statute of limitations for collection of a tax liability is ten years after assessment of the tax. *See* 26 U.S.C. § 6502(a)(1). (Dkt. 60, p. 8.) It is also undisputed that the period is suspended for any period of time in which the IRS is prohibited from making a levy, specifically

including periods of time when an offer-in-compromise-is pending and for thirty days thereafter. *See* 26 U.S.C. §§ 6331(i)(5), 6331(k). (Dkt. 60, p. 8.)

<u>Mr. Harvey's Certified Assessments and Offers-in Compromise</u>

In this case, Mr. Harvey submitted his Form 1040 U.S. Individual Tax Returns for years 1989 through 1999 in August 2004. (Dkts. 45-9 through 45-12). It is undisputed the IRS made Certified Assessments against Mr. Harvey for tax years 1989 through 1992 and 1994 through 1999 on July 18, 2005. (Dkts. 45-6, 45-7). Thus, without any tolling, the statute of limitations would have run on these claims as of July 18, 2015 roughly six months before the Plaintiff filed the January 28, 2016 Complaint.

However, the record is clear: Mr. Harvey made three offers-in-compromise that applied to all of the tax years at issue. *Id.* These offers were pending from: (1) August 16, 2005 through October 28, 2005 (73 days); (2) February 27, 2006 through August 21, 2006 (175 days); and (3) July 15 through October 8, 2015 (85 days). (Dkts. 56-1, 56-2.) These offers-in-compromise tolled the state of limitations for a period of 423 days (333 days plus 30 extra days for each of the three offers).

Mr. Harvey argues that the United States has not produced evidence of three offers to compromise that would otherwise toll or extend the running of the statute of limitations. *Id.* "The Report . . . mistakenly contends three offer and compromise exist, but it is contended the IRS cannot provide evidence of three, but only two, one in 2005 and one in 2006." (Dkt. 60, p. 6.) It is not clear why Mr. Harvey concedes there is evidence of two offers-in-compromise but not three when the United States relies upon the same evidence to support all three. Regardless, the Court is satisfied that the record reflects three offers-

in-compromise. Accordingly, there is no dispute of fact on this issue: the statute of limitations has not run on the claims against Mr. Harvey.

<u>Ms. Harvey's Certified Assessments and Offers-in-Compromise</u>

Ms. Harvey's 2003 through 2005 tax returns are also at issue. For the 2003 tax year, the IRS made Certified Assessments against Ms. Harvey on November 21, 2005. (Dkts. 45-8, 56-3.) For the 2004 tax year, the IRS made Certified Assessments against Ms. Harvey on March 3, 2014. (Dkt. 45-8.) For the 2005 tax year, the IRS made Certified Assessments against Ms. Harvey on March 8, 2010. (Dkts. 45-8, 45-19, 45-20.)

Thus, the only claim arguably outside the ten-year statute of limitations is the claim against Ms. Harvey based on her 2003 return, which would have run on November 21, 2015 but for the fact Ms. Harvey made an offer-in-compromise. The IRS records reflect that Ms. Harvey made one offer-in-compromise specific only to her 2003 tax return and that offer-in-compromise was pending from July 15, 2015 through October 8, 2015 (85 days). (Dkts. 56-1, 56-3.) This tolling period is the same tolling period that Mr. Harvey argues did not apply in his case.

In the Harvey Defendants' initial Objection to the Report and Recommendation, Mr. Harvey argued that Ms. Harvey denied making the offer-in-compromise or ever authorizing anyone else to make such an offer. (Dkt. 60, p. 7.) However, in support of the Harvey Defendants' reply brief, Ms. Harvey submitted an affidavit acknowledging that she hired the National Tax Experts to help her settle the tax debt and signed the 656 form. (Dkt. 63-1.) Ms. Harvey explains, "I did not know what the a 656 was for, but was merely told to sign it to settle the tax debt." (Dkt. 63-1.)

Ms. Harvey's affidavit supports the Plaintiff's position and the IRS records that reflect that Ms. Harvey made an offer-in-compromise. Ms. Harvey concedes that she signed the form and did so to settle the tax debt and that is what an offer-in-compromise, if accepted, would do.

In short, the Report and Recommendation correctly rejected the Harveys' statute of limitations defense. The IRS records support the Report and Recommendation's findings and the Harveys have failed to show a genuine dispute of fact for trial.

*(b) Release of Tax Liens*

In their Objection, the Harveys argue, as they did in opposition to summary judgment, that the tax assesments are invalid because they were released. (Dkt. 60, p. 9.) The Harveys also argue that they never received a copy of the reinstatements. (Dkt. 60, p. 10.)

The Report and Recommendation is correct on the facts and the law. The tax liens against Mr. Harvey for 1989-1992 and 1994-1999 were released. However, they were properly reinstated consistent with Section 6325(f)(2) of the Internal Revenue Code in September 2016 when the IRS issued, filed, recorded, and mailed to Mr. Harvey a Revocation of Release of Federal Tax Lien. (Dkts. 54-1, 54-2.)

The Harveys argue that they never received notice of the Revocation. (Dkt. 60, p. 10.) Accordingly, they argue the Revocation was invalid. *Id.*

However, the Harveys have offered no evidence to create a dispute of fact on this issue. The IRS records, which are entitled to a presumption of validity, support the Report and Recommendations findings. (Dkt. 54-1.)

*(c) Res Judicata, Collateral Estoppel, and Double Jeopardy*

In their Objection, the Harveys argue that the United States cannot bring this civil action against Mr. Harvey, because of his previous criminal conviction. (Dkt. 60, pp. 11-12.) The Report and Recommendation is correct on the law. Mr. Harvey's prior criminal conviction does not bar the United States from pursuing a civil collection against him. Moreover, he filed the relevant tax returns *after* his criminal conviction. Accordingly, the claims could not have been adjudicated in the criminal proceedings and claim preclusion does not apply.

*(d) Tax Assessment Are Valid and Subject to Judgment*

The IRS introduced sufficient evidence to trigger the legal presumption of correctness afforded to tax assessments. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Palmer v. United States*, 116 F.3d 1309, 1312 (9th Cir. 1997). The Harveys have not introduced any evidence to demonstrate the assessments are in error. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It is settled in this circuit that Certificates of Assessments and Payments are 'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made.") (citing *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992). Similarly, the Harveys have not presented any evidence or argument as to what the assessment should, in fact, be. Accordingly, the assessments stand and the Report and Recommendation rightly concluded that the Tax Assessments are valid and subject to judgment.

*(e) Harveys are True Owners of the Property*

The Harveys do not dispute the Report and Recommendation's finding that the Organic Church of Circle JB is their nominee. The Court has reviewed the Report and Recommendation on this issue for clear error and, finding none, adopts the same.

*(f) The United States May Foreclose on the Property*

The Harveys argue that foreclosure is not the only remedy available to the IRS They also argue that foreclosure is not appropriate because the assessments are not valid. *Id.* at p. 13.

As discussed *supra*, the tax assessments are valid and the Harveys have failed to set forth any evidence to create a genuine dispute of fact on this issue. Most of their arguments against the tax assessments are based on their understanding of the law and the Court finds that analysis to be in error.

The Report and Recommendation is right on the law. Federal tax liens arise by operation of law when a taxpayer fails to pay a tax due upon notice and demand. 26 U.S.C. § 6321. When a federal tax lien arises, it attaches to "all property and right to property, whether real or personal, belonging to" the delinquent taxpayer. *Id.* Further, the United States may file an action to enforce that tax lien and foreclose against any property in which the delinquent taxpayer has an interest. 26 U.S.C. § 7403.

As the Harveys concede, the IRS has a number of remedies available to it, including foreclosure. Further, the IRS has a great deal of discretion when determining what it elects to do to enforce the tax lien. There is nothing in the record to suggest to the Court that foreclosure is unlawful under the circumstances.

*(g) The Harveys Arguments Concerning the Fairness and Jurisdiction of
the Courts and Authority of the IRS Are Frivolous.*

The Harveys make three additional arguments in their Objection to the Report and Recommendation. First, the Harveys argue that the judges may fear ruling against the IRS, because the IRS may then target the judge for audit and potential tax problems. (Dkt. 60, pp. 13-14.) Second, the Harveys argue that this court is legislative rather than constitutional. (Dkt. 60, pp. 14-16.) Third, the Harveys argue that the Uniform Commercial Code somehow provides them with remedies applicable to these proceedings.

The undersigned could not disagree more with the Harveys' arguments and conspiracy theories. United States District Judges take an oath of office promising to uphold the Constitution. The undersigned takes this oath very seriously. For that reason, he has no problem ruling against the IRS or any other federal agency if and when such action is warranted. Such action is not warranted in this case.

The Harveys failed to pay their taxes based on misguided theories and a misunderstanding of the law. The Court has no ill will toward the Harveys but their beliefs are simply inconsistent with the rule of law in this country.

The IRS has demonstrated that the Harveys failed to pay their income taxes. All the Court is left with is a clear record demonstrating that the debt is due and owing. Moreover, the IRS is acting within its authority by foreclosing on the property to ensure payment of the debt owed. The Court has reviewed the record, the Report and Recommendation, and the Harvey Defendants' arguments in this case and simply cannot come to a different conclusion.

# ORDER

ORDERED that judgment is entered against Gary R. Harvey in the amount of $319,015.92, as of January 13, 2017, for federal income tax liabilities (Form 1040) for the tax years 1989-1992 and 1994-1999, plus other statutory additions from January 13, 2017, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6621, until judgment is paid in full;

ORDERED that judgment is entered against Bernice C. Harvey in the amount of $44,267.24, as of January 13, 2017, for federal income tax liabilities (Form 1040) for the tax years 2003-2005, plus other statutory additions from January 13, 2017, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6621, until judgment is paid in full;

FURTHER ORDERED that the United States' tax liens against Gary and Bernice Harvey arising from Gary Harvey's federal income tax liabilities (Form 1040) for the tax years 1989-1992 and 1994-1999, and from Bernice Harvey's federal income tax liabilities (Form 1040) for the tax years 2003-2005 attached to the parcel of real property located at 41433 Bobbitt Bench Road, Peck, Idaho, 83545, and legally described as follows:

SITUATE IN THE COUNTY OF NEZ PERCE, STATE OF IDAHO. TO-WIT:

Parcel 1:

The Southwest Quarter of the Northeast Quarter of Section 11, Township 36 North, Range 1 West of the Boise Meridian, Nez Perce County, Idaho.

EXCEPTING THEREFROM the following described parcels:

Beginning at the Northeast corner of the Southwest Quarter of the Northeast Quarter of

MEMORANDUM DECISION AND ORDER- 20

Section 11, Township 36 North, Range 1 West of the Boise Meridian, Nez Perce County, Idaho: thence West along the North line of the Southwest Quarter of the Northeast Quarter a distance of 272 feet; thence directly South a distance of 74 feet; thence Southeasterly to a point on the East boundary line of the Southwest Quarter of the Northeast Quarter that is 137 feet South of the Northeast corner of the Southwest Quarter; thence due North along the East boundary line of the Southwest Quarter of the Northeast Quarter to the Point of Beginning.

That part of Section 11, Township 36 North, Range 1 West of the Boise Meridian, Nez Perce County, Idaho, described as follows:

Starting at the Northeast corner of the Southeast Quarter of the Northwest Quarter of
Section 11, Township 36 North, Range 1 West of the Boise Meridian, Nez Perce County, Idaho; thence West to the East bank of Canyon Creek; thence Southeast following the meander of the creek to a point where the creek intersects with the South line of said Forty; thence East a distance of 678 feet and 7 inches; thence North to the Point of Beginning.

EXCEPTING THEREFROM Assessors Lot No. 1409, described as follows:

Beginning at a point 474 feet and 1 inch West of the Southeast corner of the Southeast
Quarter of the Northwest Quarter of Section 11, Township 36 North, Range 1 West of the Boise Meridian; thence West 13 rods; thence North a distance of 8 rods; thence East a distance of 8 rods; thence Southeasterly a distance of 9 rods to the Place of Beginning.

ALSO EXCEPTING any portion lying within Jones Subdivision.

Parcel 2:

That part of the Southeast Quarter of the Northeast Quarter of Section 11, Township 36
North, Range 1 West of the Boise Meridian, Nez Perce County, Idaho, described as follows:

Beginning at the Southwest corner of the Southeast Quarter of the Northeast Quarter of
Section 11, Township 36 North, Range 1 West of the Boise Meridian; thence due North
along the Westerly boundary line of the Southeast Quarter of the Northeast Quarter, a

distance of 519 feet; thence due East 200 feet; thence directly South a distance of 77 feet, more or less, to the West right of way line of Bobbitt Bench Road; thence down the West side of said Bobbitt Bench Road until the Point of Beginning

are foreclosed.

IT IS SO ORDERED.

DATED: September 22, 2017

Edward J. Lodge
United States District Judge