UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>        v.<br><br>GARY R. HARVEY; BERNICE C. HARVEY; LHS TRUST; and ORGANIC ASSEMBLY OF CIRCLE JB**,**<br><br>                  Defendants. | Case No. 3:16-cv-00046-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.     INTRODUCTION

Pending before the Court is Gary Raymond Harvey's Motion to Clarify (Dkt. 98) and Gary and Bernice C. Harvey's "Motion to Prevent Further Injustices From the IRS and Unite[d] States . . . Pursuant to Rule 60 (a) (b) (4) and (6)" (Dkt. 104). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to GRANT in PART and DENY in PART Mr. Harvey's Motion to Clarify and DENY the Harveys' Rule Motion for Additional Relief Pursuant to Rule 60.

## II.     BACKGROUND

The Government initiated this action to reduce certain tax assessments to judgment

and to foreclose the associated tax liens on the real property owned by Mr. Harvey (and as legally described in the Judgment (Dkt. 68)) (hereinafter "the Property") pursuant to 26 U.S.C.§§ 7401 and 7403. Dkt. 1. On September 22, 2017, the Court reduced the tax assessments against Mr. Harvey to judgment in the amount of $319,015.92, plus interest and other additions from January 13, 2017; reduced the assessments against Mrs. Harvey to judgment in the amount of $44,267.24, plus additions from January 13, 2017; foreclosed the United States' tax liens on the Property; and entered an Order of Sale for the Property. Dkts. 67–69.

The Harveys appealed to the Ninth Circuit, and, on October 12, 2017, they moved for a stay of the sale of the Property until after the Ninth Circuit resolved their appeal. Dkt. 71. The Court granted the motion in part, ordering that a stay would be effective upon payment of a $5,000 bond. Dkt. 76. Upon the Government's motion, the Court modified the stay to order the Harveys to take reasonable steps to preserve the Property (including maintaining an insurance policy on the Property and making all mortgage, utility, and tax payments). Dkt. 86. The order also required the Harveys submit a status report to the Court every 60 days demonstrating compliance and specified that failure to comply with this requirement would result in the stay being rescinded. *Id*. The Harveys did not timely file the required status reports. *See generally* Docket 3:16-cv-00046-DCN.

On September 18, 2018, the Ninth Circuit affirmed the Court's judgment. Dkt. 90. The Harveys filed a petition for rehearing en banc, which was denied. The Ninth Circuit issued the formal mandate on January 28, 2019. Dkt. 92. The Harveys then filed a petition

MEMORANDUM DECISION AND ORDER-2

for a writ of certiorari in the Supreme Court (Dkt. 93) but did not move pursuant to Fed. R. App. P. 41(b) for a stay of the mandate pending the filing of their petition.

Because the stay pending appeal had expired due to the Ninth Circuit's issuance of the formal mandate and the Harveys' failure to comply with the Court's order by timely submitting required status reports, the Government moved forward with selling the Property pursuant to the Court's Order of Sale. Dkt. 95.

As part of the sale process, Property Appraisal and Liquidation Specialist ("PALS") Mary Smith issued a letter instructing the Harveys that they should vacate the Property. The Harveys vacated the Property, and PALS Smith moved forward with selling the Property, including by transferring the utilities to the IRS (though it is unclear if Mr. Harvey is still paying for heat or other utility costs associated with the Property).

Mr. Harvey filed the pending Motion to Clarify on March 5, 2020. The Harveys filed the pending Rule 60 motion on June 22, 2020. Both motions were filed *pro se*.

### III.   MOTION TO CLARIFY

Mr. Harvey's motion raises two issues. First, Mr. Harvey states that he continues to pay "heat and factors for the property the IRS has taken possession of," to his financial detriment, and he requests that he no longer be responsible for costs relating to the Property. Dkt. 98, at 1. The United States responded that it "agrees that Mr. Harvey should no longer be responsible for actively paying such costs now that he has vacated the subject property in compliance with the Court's Order of Sale." Dkt. 99, at 2. The Court GRANTS Mr. Harvey's motion to clarify to the extent that it clarifies Mr. Harvey is no longer responsible for such costs now that he has vacated the Property in compliance with the Court's order.

MEMORANDUM DECISION AND ORDER-3

Second, Mr. Harvey complains about a Notice of Levy that the IRS issued to "the Harvey Family Trust." Mr. Harvey "contends that the IRS has no authority to seize the Trust funds as they were not part of this judgment of the Court's order," and that the IRS should sell the subject property before levying upon said trust. Dkt. 98, at 2. Here, the Government disagrees, arguing that "[t]he IRS has the right to issue a levy in an attempt to collect upon Mr. Harvey's substantial tax liabilities, without the need for prior approval from the Court." Dkt. 99, at 2.

Section 6331(a) of the Internal Revenue Code of 1986 authorizes the Secretary of the Treasury (or a delegate) to collect taxes "by levy upon all property and rights to property" belonging to a person who neglects or refuses to pay any tax liability within ten days after notice and demand. 26 U.S.C. § 6331(a). Section 6331(b) defines "levy" as including "the power of distraint and seizure by any means." *Id.* at § 6331(b). Both real estate and personal property, tangible and intangible, are subject to levy under Section 6331(a). *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350 (1977).

The Ninth Circuit considered a similar case in *Maisano v. Welcher*, 940 F.2d 499 (9th Cir. 1991). In *Maisano*, *pro se* litigants challenged the Government's ability to seize a Chevrolet Blazer, an asset they claimed belonged to the family trust. The Ninth Circuit held that:

> The Maisanos have placed themselves in a no-win situation on this issue. If the Blazer belongs to the trust, the Maisanos have no standing to sue and their case must be dismissed. If the Blazer actually belongs to the Maisanos, they lose their argument that the IRS seized property belonging to the wrong party. Thus, if none of the plaintiffs' arguments on the merits can prevail, we need not resolve the question of whether the trust or the Maisanos actually

MEMORANDUM DECISION AND ORDER-4

owned the vehicle. The plaintiffs lose, provided the agents committed no cognizable wrong.

*Id*. at 501. Assuming, without deciding, that the car in *Maisano* belonged to the plaintiffs, the Ninth Circuit proceeded to review whether a hearing and judgment was required prior to seizing the assets. The Ninth Circuit ruled that the plaintiffs' "contention, that the assessment of their tax liability was invalid without a hearing and judgment from an Article III court, is wrong." *Id*. Looking at the plain language of statute, the Ninth Circuit held that 26 U.S.C. § 6502 "gives the IRS the option to collect its assessments by *either* a levy *or* a court proceeding, and this court has held that taxpayers do not have the right to a hearing prior to collection efforts by the IRS." *Id*. at 502 (citation omitted) (emphasis in original).

Similar to plaintiffs in *Maisano*, Mr. Harvey claims that the assets the IRS seeks to levy are in the family trust. He, like the *Maisano* plaintiffs, has placed himself in a no-win situation. If the assets in the Harvey Family Trust belong to said trust, he, as a *pro se* litigant, has no standing to represent the trust. If, on the other hand, the assets actually belong to Mr. Harvey, he loses his argument that the IRS seized property belonging to the wrong party. Further, his argument that the IRS cannot levy without a court order fails, as the IRS has the authority under 26 U.S.C. § 6502 to collect assessment by levy without a court proceeding.

The Court therefore DENIES Mr. Harvey's motion to clarify to the Government that it may not levy the Harvey Family Trust.

### IV. MOTION FOR ADDITIONAL RELIEF PURSUANT TO RULE 60

The Harveys move for relief from judgment pursuant to Federal Rules of Civil

Procedure 60(a), (b)(4), and (b)(6).

### A. Rule 60(a)

Federal Rule of Civil Procedure 60(a) applies to corrections based on clerical mistakes. The Harveys do not identify what, if any, clerical mistake the Court made in its judgment against Bernice C. Harvey and Gary Raymond Harvey. Rather, the Harveys implicitly concede that Rule 60(a) does not apply when they ignored the Government's argument regarding Rule 60(a) in their reply brief. Instead, the Harveys rely on Rule 60(b)(4) and (6) to support their motion for relief from final judgment. The Court therefore denies granting relief pursuant to Rule 60(a).

### B. Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Mitchell v. San Diego Cty. Sheriff*, 17 F. App'x 697 (9th Cir. 2001) (citation omitted). Rule 60(b) must be used sparingly as an equitable remedy to prevent manifest injustice; it is utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); *U.S. v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996). The moving party bears the burden of providing the existence of fraud, misconduct, or any other ground for relief. *Atchison, T & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

The Harveys' arguments in support of their motion of relief primarily relate to the issue of the release, and subsequent revocation of release, of the federal tax liens that were in question in this case. They assert the tax liens "are unlawful and the Court's prior Judgement was set upon favoritism, due process, deprivations, and Article III violations to ensure justice unto all without respect to any party." Dkt. 104, at 2. Specifically, the Harveys contend that the Court's ruling unjustly favored the IRS; thus, the Court's order is invalid (or void) and attempts to collect on "Mr. Harvey's substantial tax liabilities," are unlawful. *Id*. The Harveys then proceed to provide a series of what law they think *should* have been applied by both this Court and the Ninth Circuit. They principally argue that the Court misapplied the law on two grounds: (1) that the Uniform Commercial Code ("UCC"), not the Internal Revenue Code, is controlling, and the revocation is somehow invalid under the UCC; and (2) that the Court's (and the Ninth Circuit's) statutory interpretation of the revocation statute at issue, 26 U.S.C. § 6325(f), was flawed, because, among other alleged errors, the Court should have applied the doctrine described in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

The Government responds that the Harveys' motion does not meet the standard for a Rule 60 motion and the Harveys' arguments regarding both the applicability of the UCC and proper statutory interpretation of 26 U.S.C. § 6325(f) have already been rejected by this Court and the Ninth Circuit as lacking merit.

A motion to alter or amend, or for relief from judgment, may be granted only in limited circumstances. The Harveys have failed to establish that any of those circumstances apply here. Rather, as the Harveys acknowledge, their motion re-alleges facts and legal

MEMORANDUM DECISION AND ORDER-7

conclusions previously raised before both this Court and the Ninth Circuit.

First, the Harveys argue that the Court's decision that the UCC does not apply, despite the Harveys' arguments, was "unlawful." Dkt. 104, at 3 ("This Court and the Ninth Circuit made an unlawful decision that UCC was 'frivolous' even though statutes and treaties hold the Uniform Commercial Code applies in all Federal Actions, especially 'revenue laws' are commercial in nature."). The Court previously reviewed and dismissed the Harveys' contention that the UCC applies, and the Ninth Circuit upheld this Court's decision.

Second, the Harveys raise arguments concerning 26 U.S.C. § 6325(f) that this Court has already addressed. *See* Dkt. 57, at 15–16; Dkt. 67, at 16. The Harveys contend that this Court applied its "personal political preference," in interpreting 26 U.S.C. § 6325(f), which deprived the Harveys of due process. Dkt. 106, at 15, 16; *see also* Dkt. 104, at 16. Simply because the Court interprets a statute differently than a party would like does not mean the Court is impermissibly biased; it is frequently the case that at least one party will be disappointed with a court's statutory reading. Here, the Court faithfully interpreted 26 U.S.C. § 6325(f) and applied the law. The Ninth Circuit upheld this Court's interpretation of the statute. The Harveys' arguments simply retread old ground, and they have not identified either an extraordinary circumstance that would warrant relief or a legitimate reason for the Court to find its prior order void.

The Harveys also argue that both this Court and the Ninth Circuit should have applied the principles from *Chevron* when interpreting 26 U.S.C. § 6325(f). *Chevron* applies when "a court reviews an agency's construction of the statute which it administers,"

MEMORANDUM DECISION AND ORDER-8

*e.g.*, when a court reviews "the validity of the regulations" issued under such statute. *Chevron*, 467 U.S. at 842. Here, the Court itself interpreted Section 6325—the Court's decision did not involve the IRS's interpretation of its own regulations. As such, the *Chevron* doctrine does not apply.

Having review the record and briefs, the Court finds the Harveys have not met their burden of providing the existence of fraud, misconduct, or any other ground for relief under Rule 60(b). It DENIES the Harveys' motion to set aside its previous judgment.

## V. ORDER

IT IS HEREBY ORDRED:

1. Gary Raymond Harvey's Motion to Clarify (Dkt. 98) is GRANTED in PART and DENIED in PART as described herein.

2. Gary and Bernice C. Harvey's Rule 60 Motion (Dkt. 104) is DENIED.

DATED: September 23, 2020

David C. Nye
Chief U.S. District Court Judge